UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSSIE, 64105-050, <br> Plaintiff, <br> v. <br> JANET YELLEN, et al., <br> Defendant(s). | Case No. 21-cv-03800-CRB  (PR) <br><br> **ORDER OF DISMISSAL** <br><br> (ECF Nos. 2 & 4) |

Plaintiff, a "civil detainee" housed at the Federal Medical Center (FMC) in Butner, North Carolina,[1] has filed a pro se complaint under 42 U.S.C. § 1983 against Secretary of the Treasury Janet Yellen and former Secretary of the Treasury Steven Mnuchin.  In a nutshell, plaintiff takes issue with the secretaries' "paying" convicted prisoners who filed a tax return and social security people who did not file a tax return rather than "paying" him, a civil detainee who did not file a tax return.  Compl.  (ECF No. 1) at 2-32.  Plaintiff seeks an order compelling Secretary Yellin to start "paying" him and other similarly situated individuals.  Id. at 3.  Plaintiff also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Section 1915(e)(2) provides that the court "shall" dismiss any case brought IFP if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) is not limited to prisoners.  Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001).  It applies to all litigants proceeding IFP.  See id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

---

[1] Bussie v. Yellen, No. 21-cv-21415, 2021 WL 1535390, at *1 (S. D. Fla. Apr. 19, 2021).

violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not state a claim under § 1983 against Secretary Yellin or former Secretary Mnuchin because they were not acting under color of state law when they "paid" persons other than plaintiff. They were acting under color of federal authority instead.

Plaintiff arguably may be able to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against Secretary Yellin and/or former Secretary Mnuchin if he can allege that, in addition to acting under color of federal authority, they deprived him of a right, privilege or immunity secured by the United States Constitution. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996). But even if plaintiff somehow could, the action would not properly belong in this district where none of the parties reside and where no substantial part of the events or omissions giving rise to plaintiff's claim(s) occurred. See 28 U.S.C. § 1391(b).

Good cause appearing therefor, this action is DISMISSED without prejudice to plaintiff pursuing a Bivens action in the proper venue. See In re Hall, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal based on improper venue must be without prejudice).

But based solely on his affidavit of poverty, plaintiff's request for leave to proceed IFP (ECF Nos. 2 & 4) is GRANTED.

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: June 9, 2021

_____
CHARLES R. BREYER
United States District Judge